UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| PROGRESSIVE CASUALTY INSURANCE COMPANY<br><br>Plaintiff,<br><br>vs.<br><br>SKYWAY LOGISTICS CORP.; ASHLI GREGORY; DORRELL HARRIS; BRIDGESTONE AMERICAS TIRE OPERATIONS, LLC, A FOREIGN COMPANY WHICH IS THE SUCCESSOR TO BRIDGESTONE/FIRESTONE NORTH AMERCAN TIRE, LLC; ABC INSURANCE COMPANIES 1-10 (said names and identities being FICTITIOUS AND presently unknown); JOHN DOES 1-10 (said names and identities being FICTITIOUS AND presently unknown),<br><br>Defendants | Civil Action No. 1:23-cv-2952<br><br>COMPLAINT FOR DECLARATORY JUDGMENT |

## **PREAMBLE**

Plaintiff PROGRESSIVE CASUALTY INSURANCE COMPANY ("PROGRESSIVE"), by and through its attorneys, files this Complaint for Declaratory Judgment against defendants SKYWAY LOGISTICS CORP.; ASHLI GREGORY; DORRELL HARRIS; ABC INSURANCE COMPANIES 1-10 (said names and identities being FICTITIOUS AND presently unknown);

1

JOHN DOES 1-10 (said names and identities being FICTITIOUS AND presently unknown),  and alleges upon information and belief:

## NATURE OF ACTION

1.  This Complaint is a request for judgment declaring that PROGRESSIVE is under no obligation to defend or indemnify SKYWAY LOGISTICS, DORRELL HARRIS or any other party relative to the claims brought in the underlying action captioned as *Ashli Gregory v. Dorrell Harris, Skyway Logistics Corp., et al* ("*Gregory* Complaint")  pending in the United States District Court for the District of New Mexico, under Case Number 1:22-cv-00089 because ASHLI GREGORY and DORRELL HARRIS were employee tandem/team truck drivers employed by SKYWAY LOGISTICS CORPORATION at the time of the accident.

## THE PARTIES

2.  PROGRESSIVE is an insurance company duly organized and existing under and by virtue of the laws of the State of Ohio with its principal place of business located at 6300 Wilson Mills Road, Mayfield Village, Cuyahoga County, Ohio 44143 and is licensed to write insurance and conduct business in the State of New York.

3.  At all times hereafter mentioned, Defendant SKYWAY LOGISTICS CORPORATION was and still is a corporation organized and existing under and by virtue of the laws of the State of New York, with a business address of 629 Casanova Street, County of Bronx, Bronx, New York 10474.

4.  At all times hereafter mentioned, upon information and belief Defendant ASHLI GREGORY was and still is an adult resident of the County of Jackson, State of Missouri, with an address of 2002 East 69th Street, Kansas City, Missouri.

2

5.  At all times hereafter mentioned, Defendant DORRELL HARRIS was and still is an adult resident of the County of Hamilton, State of Tennessee, with an address of 2518 Bailey Avenue, Chattanooga, Tennessee 37404.

6.  At all times hereafter mentioned, upon information and belief, BRIDGESTONE AMERICAS TIRE OPERATIONS, LLC ("BRIDGESTONE") (f/k/a BRIDGESTONE/FIRESTONE NORTH AMERICAN TIRE, LLC) is a for-profit corporation headquartered in Nashville, County of Davidson, Tennessee and incorporated in Delaware, with a business address of 200 4th Avenue South, Nashville, Tennessee 37201.  Upon information and belief, BRIDGESTONE is the successor company to BRIDGESTONE/FIRESTONE NORTH AMERICAN TIRE, LLC.   BRIDGESTONE is a nominal interested party to this declaratory judgment action.

## JURISDICTION AND VENUE

7.  This Court has jurisdiction over this matter under 28 U.S.C. § 1332 in that it arises between citizens of different states and the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, insofar as the value of the right being protected and/or the injury being averred exceeds $75,000.

8.  Venue is proper in this district under 28 USC § 1391(a)(2) and (b)(1) because the defendant, PROGRESSIVE's named insured, SKYWAY LOGISTICS CORPORATION, maintains its principal place of business in Bronx County, New York and conducts business in Bronx County, New York and the PROGRESSIVE policy was delivered to SKYWAY LOGISTICS CORPORATION in Bronx County, New York.

## THE UNDERLYING ACCIDENT

9. This declaratory judgment action arises out the underlying *Gregory* Complaint filed in the United States District Court for the District of New Mexico, under Case Number 1:22-cv-0089.

10. The *Gregory* Complaint alleges, in pertinent part, that Plaintiff ASHLI GREGORY is domiciled in Kansas City, Wyandotte County, Kansas; that DORRELL HARRIS is domiciled in Chattanooga, Hamilton County, Tennessee; that SKYWAY LOGISTICS CORPORATION is a New York corporation doing business in interstate commerce in New Mexico with its principal place of business in Bronx, New York; and that defendant BRIDGESTONE AMERICAS TIRE OPERATIONS, LLC ("BRIDGESTONE") is a for-profit foreign corporation headquartered in Nashville, Tennessee and registered to do business in New Mexico.

11. The *Gregory* Complaint alleges that a tire manufactured by BRIDGESTONE and attached to the vehicle involved in the accident was defective and caused the accident in question.

12. The *Gregory* Complaint alleges that defendant DORRELL HARRIS operated a motor vehicle upon the highways of the State of New Mexico and that DORRELL HARRIS committed tortious acts in the State of New Mexico.

13. The *Gregory* Complaint alleges that the action arises from an accident that occurred when SKYWAY LOGISTICS CORPORATION driver DORRELL HARRIS was operating a SKYWAY LOGISTICS CORPORATION tractor-trailer on Interstate 10 in Hidalgo county, New Mexico, when the right front tire blew out, he lost control of the tractor-trailer, and he subsequently rolled the tractor-trailer.

14. The *Gregory* Complaint alleges that the plaintiff suffered injuries and damages on March 20, 2021, around 4:44 p.m. near milepost 30.9 on Interstate 10 Eastbound in Hidalgo County, New Mexico.

15. The *Gregory* Complaint alleges that at the time of the accident defendant DORRELL HARRIS was working for SKYWAY LOGISTICS CORPORATION and was driving a tractor-trailer owned by SKYWAY, bearing a VIN ending in 8308, which was equipped with Bridgestone R284 Ecopia long-haul steel axle tires.

16. The *Gregory* Complaint further alleges that "***plaintiff [ASHLI GREGORY] rode as a permissible, authorized passenger in the tractor-trailer***" and that "defendant SKYWAY knew Plaintiff regularly rode as a passenger in the tractor-trailer. (Emphasis supplied).

17. The *Gregory* Complaint further alleges that defendant DORRELL HARRIS operated the commercial vehicle for defendant SKYWAY LOGISTICS CORPORATION, and that he was required to be qualified to operate the commercial motor vehicle in accordance with the FMSCA.

18. The *Gregory* Complaint alleges that defendant DORRELL HARRIS drove and transported goods for defendant SKYWAY LOGISTICS CORPORATION under its direction and control and that the vehicle operated by defendant DORRELL HARRIS was owned by SKYWAY LOGISTICS CORPORATION and was not equipped with properly maintained tires and that the tires were not properly inspected.

19. The *Gregory* Complaint alleges that at the time of the subject accident, defendant DORRELL HARRIS was engaged in defendant SKYWAY LOGISTICS CORPORATION's business, transporting a load for delivery on behalf of defendant SKYWAY LOGISTICS CORPORATION.

20. The *Gregory* Complaint alleges that SKYWAY LOGISTICS CORPORATION is vicariously liable for defendant Harris' acts and omissions and Skyway's acts and omissions contributed to defendant Harris' misconduct.

21. The *Gregory* Complaint alleges that as a result of the accident, plaintiff suffered personal injuries.

22. The *Gregory* Complaint that at all times material, Defendant DORRELL HARRIS' negligent acts and omissions were committed while he was an employee, agent or under the control of SKYWAY LOGISTICSL CORPORATION, making defendant DORRELL HARRIS and SKYWAY LOGISTICS CORPORATION jointly and severally liable for defendant Harris' negligent actions under *respondeat superior*.

23. The *Gregory* Complaint, Count I (Negligence) alleges negligence against BRIDGESTONE and Count II (Strict Liability) alleges strict liability against BRIDGESTONE.

24. The *Gregory* Complaint, Count III (Negligence) alleges negligence against DORRELL HARRIS and through *respondeat superior* against SKYWAY LOGISTICS CORPORATION in: failing to maintain, inspect and control the tractor trailer and its tires; failing to react prior to rolling the tractor trailer; failing to do a proper and thorough safety check of the tractor trailer.

25. The *Gregory* Complaint alleges that DORRELL HARRIS' acts or omissions were committed while an employee, agent or under control of SKYWAY LOGISTICS CORPORATION, making SKYWAY LOGISTICS CORPORATION liable for DORRELL HARRIS' negligent actions under *respondeat superior*.

26. The *Gregory* Complaint at Paragraph 76 alleges that the conduct of defendant DORRELL HARRIS and SKYWAY LOGISTICS CORPORATION was reckless, willful and wanton regarding the health or safety of others, including Plaintiff ASHLI GREGORY, justifying the imposition of punitive damages.

27. The *Gregory* Complaint at Count IV alleges Negligence Per Se against DORRELL HARRIS and through *respondeat superior* as to SKYWAY LOGISTICS CORPORATION insofar as DORRELL HARRIS is alleged to have violated various state and federal statutes and codes which define a standard of conduct, either explicitly or implicitly, including the FMSCA, the Code of Federal Regulations and various New Mexico state statutes.

28. The *Gregory* Complaint at Count V alleges Negligence against SKYWAY LOGISTICS CORPORATION, specifically alleging that SKYWAY LOGISTICS CORPORATION failed to determine that Defendant DORRELL HARRIS lacked the requisite ability, fitness and qualifications to operate a commercial vehicle at the time of his first employment with SKYWAY; that SKYWAY provided insufficient training to DORRELL HARRIS and negligently entrusted the tractor trailer to DORRELL HARRIS and that SKYWAY LOGISTICS CORPORATION failed to adequately inspect the tractor trailer, equip it with safe tires and failed to create and implement policies and procedures to inspect the tractor trailers.

29. The *Gregory* Complaint at Count IV alleges Negligence Per Se against SKYWAY LOGISTICS CORPORATION and alleges SKYWAY LOGISTICS CORPORATION's violation of various New Mexico state statutes, thereby constituting negligence per se. This Count alleges the willful, wanton and reckless conduct of SKYWAY LOGISTICS CORPORATION and demands punitive damages.

**PROGRESSIVE CASUALTY INSURANCE COMPANY'S COVERAGE INVESTIGATION**

30. Upon receipt of the within claim, PROGRESSIVE CASUALTY INSURANCE COMPANY instituted a coverage investigation which concluded that at the time of the accident and for some time prior thereto, ASHLI GREGORY was employed as a team driver and operated

the subject-matter tractor in tandem with DORRELL HARRIS prior to and at the time of this accident.

31. PROGRESSIVE CASUALTY INSURANCE COMPANY's coverage investigation concluded that SKYWAY LOGISTICS CORPORATION onboarded ASHLI GREGORY as a team driver prior to this accident and prior to this accident, SKYWAY LOGISTICS CORPORATION added ASHLI GREGORY as a rated driver on the PROGRESSIVE Commercial Auto policy issued to SKYWAY LOGISTICS CORPORATION.

32. Upon information and belief based on PROGRESSIVE CASUALTY CORPORATION's coverage investigation conducted to date, ASHLI GREGORY's employment with Skyway Logistics as a team driver continued **up until and including** the date of the accident.

33. Upon information and belief based on PROGRESSIVE CASUALTY CORPORATION's coverage investigation conducted to date, at the time of the accident, ASHLI GREGORY's presence in the truck involved in the accident was in her capacity as a team driver operating the truck in tandem with DORRELL HARRIS.

34. PROGRESSIVE CASUALTY CORPORATION's coverage investigation has concluded that at the time of the accident, ASHLI GREGORY was present in the truck as an employee of SKYWAY LOGISTICS CORPORATION and a fellow employee of DORRELL HARRIS.

## THE PROGRESSIVE POLICY

35. PROGRESSIVE CASUALTY INSURANCE COMPANY issued Commercial Automobile Policy (Form 6912/ Edition (06/10) to Skyway Logistics Corporation under policy number ☒☒☒☒☒ with a policy period of September 23, 2020 to September 23, 2021. ("the PROGRESSIVE policy").

36. The PROGRESSIVE policy contains an *Auto Coverage Part* with a Combined Single policy limit of $1 million.

37. The PROGRESSIVE policy issued to SKYWAY LOGISTICS CORPORATION contains several **rated drivers**, including DORRELL HARRIS and ASHLI GREGORY, and various vehicles listed under the Auto Coverage Schedule, including the tractor involved in the accident.

38. The PROGRESSIVE policy contains the following provisions (as modified by Form 4881 NY – New York Amendatory Endorsement):

PART I – LIABILITY TO OTHERS

INSURING AGREEMENT – LIABILITY TO OTHERS

Subject to the Limits of Liability, if you paid a premium for liability coverage for the insured auto involved, we will pay damages, other than punitive or exemplary damages, for bodily injury, property damage, and covered pollution cost or expense, for which an insured becomes legally responsible because of an accident arising out of the ownership, maintenance or use of that insured auto. However, we will only pay for the covered pollution cost or expense if the same accident also caused bodily injury or property damage to which this insurance applies.

We will settle or defend, at our option, any claim or lawsuit for damages covered by this Part I. This applies even if the claim or suit is groundless or false. We have no duty to settle or defend any lawsuit, or make any additional payments, after the Limit of Liability for this coverage has been exhausted by payment of judgments or settlements.

39. The PROGRESSIVE policy issued to SKYWAY LOGISTICS CORPORATION contains the following *General Definitions* (as modified by Form 4881 NY – New York Amendatory Endorsement) :

1. **"Accident"** means a sudden, unexpected and unintended event, or a continuous or repeated exposure to that event, that causes **bodily injury** or **property damage**.

2. **"Auto"** means a land motor vehicle or **trailer** designed for travel on public roads. It does not include **mobile equipment**. Self-propelled vehicles with the following types of permanently attached equipment are **auto**s, not **mobile equipment**:

9

a. Equipment designed and used primarily for:
(i)  snow removal;
(ii)  road maintenance, but not construction or resurfacing;
(iii)  street cleaning;

b. Cherry pickers and similar devices mounted on automobile or truck chassis and used to raise or lower workers; and

c. Air compressors, pumps and generators, including spraying, welding, building cleaning, geophysical exploration, lighting and well-servicing equipment.

However, the operation of equipment described in paragraphs 2.b. and 2.c. above is considered operation of mobile equipment and not operation of an auto.

…

5. "**Insured auto**" or "**your insured auto**" means:
a. Any auto specifically described on the declarations page; or
b. Any additional auto for Part I - Liability To Others and/or Part II -Damage To Your Auto on the date you become the owner if:
(i)  you acquire the auto during the policy period shown on the declarations page;
(ii)  we insure all autos owned by you that are used in your business;
(iii)  no other insurance policy provides coverage for that auto; and
(iv)  you tell us within 30 days after you acquire it that you want us to cover it for that coverage.
If you add any coverage, increase your limits or make any other changes to this policy during the 30-day period after you acquire an additional auto, these changes to your policy will not become effective until after you ask us to add the coverage, increase your limits or make such changes for the additional auto.  We may charge premium for the additional auto from the date you acquire the auto.
With respect to Part I - Liability To Others, if we provide coverage for an additionally acquired auto in accordance with this paragraph b., we will provide the same coverage for such additional auto as we provide for any auto shown on the declarations page.
With respect to Part II - Damage To Your Auto, if we provide coverage for an auto you require in addition to any auto specifically described on the declarations page, and the additional auto is:
(i) a private passenger auto, we will provide the broadest coverage we provide for any auto shown on the declarations page; or
(ii) any auto other than a private passenger auto and you have purchased Physical Damage coverage for at least one auto other than a private passenger auto, we will provide the broadest coverage for which the newly acquired auto is eligible.

17.  "**You**," "**your**," and "**yours**" refer to the named insured shown on the declarations page.

40. The PROGRESSIVE policy additionally contains the following provisions in PART I – LIABILITY TO OTHERS (as modified by Form 4881 NY – New York Amendatory Endorsement):

ADDITIONAL DEFINITIONS USED IN THIS PART ONLY

A. When used in Part I - Liability To Others, **Insured** means:

10

1. You, and if the named insured is a natural person, your resident spouse, with respect to an insured auto.
2. Any person while using, with your permission, an **insured auto** you own, hire or borrow except:
(a) Any person while he or she is working in a business of selling, leasing, repairing, parking, storing, servicing, delivering or testing autos, unless that business is yours and it was also represented in your application.
(b) A person, other than one of your employees, partners (if you are a partnership), members (if you are a limited liability company), officers or directors (if you are a corporation), or a lessee or borrower of any of their employees, while he or she is moving property to or from an insured auto. However, this paragraph does not apply for coverage up to the minimum financial responsibility limits specified in N.J.S.A. 39:6B-1.
(c) The owner or anyone else from whom the insured auto is leased, hired, or borrowed unless the insured auto is a trailer connected to a power unit that is an insured auto.  However, this exception does not apply if the insured auto is specifically described on the declarations page.
(d)  The employees or agents of an owner or anyone else from whom the insured auto is leased, hired or borrowed.
However, this exception does not apply if the insured auto is specifically described on the declarations page.

For purposes of this subsection A.2., an insured auto you own includes any auto specifically described on the declarations page.

3. Any other person or organization, it only with respect to the legal liability of that person or organization for acts or omissions of any person otherwise covered under this Part I - Liability To Others.

If we make a filing or submit a certification of insurance on your behalf with a regulatory or governmental agency, the term "insured" as used in such filing or certificate, and in any related endorsement, refers only to the person or organization named on such filing, certificate or endorsement.

B.  When used in Part I - Liability To Others, insured auto also includes:
1. Trailers designed primarily for travel on public roads, while connected to your insured auto that is a power unit;
2. Mobile equipment while being carried or towed by an insured auto; and
3. Any temporary substitute auto.

41. The PROGRESSIVE policy additionally contains the following *exclusions* (as modified by Form 4881 NY – New York Amendatory Endorsement):

**EXCLUSIONS – PLEASE READ THE FOLLOWING EXCLUSIONS CAREFULLY.  IF AN EXCLUSION APPLIES, COVERAGE FOR THE ACCIDENT OR LOSS WILL NOT BE AFFORDED UNDER THIS PART I – LIABILITY TO OTHERS.**
Coverage under this Part I, including our duty to defend, does not apply to:
. . .
3. Workers Compensation

Any obligation for which an insured or an insurer of that insured, even if one does not exist, may be held liable under workers' compensation, unemployment compensation, disability benefits law or

11

any similar law.

. . .

5. Employee Indemnification and Employer's Liability

   Bodily injury to:

   a. An employee any insured arising out of or within the course of:
      (i) That employee's employment by any insured; or
      (ii) Performing duties related to the conduct of any insured's business; or

   This exclusion applies:

   a. Whether the insured may be liable as an employer or in any other capacity;
   b. To any obligation to share damages with or repay someone else who must pay damages because of the injury.

   But this exclusion does not apply to bodily injury to a domestic employee if benefits are neither paid nor required to be provided under any workers' compensation, disability benefits, or similar law, or to liability for bodily injury assumed by the insured under an insured contract. For the purposes of this policy, a domestic employee is a person engaged in household or domestic work performed principally in connection with a residence premises.

6. Fellow Employee

   Bodily injury to:

   a. a fellow employee of an insured injured while in the course of their employment or while performing duties related to the conduct of your business.
   b. the spouse, child, parent, brother or sister of that fellow employee as a consequence of Paragraph a. above.

   However, this exclusion only applies if the fellow employee is entitled to benefits under any of the following: workers' compensation, unemployment compensation, or disability benefits law, or any similar law.

42. THE PROGRESSIVE policy is modified by Form MCS-90, the Endorsement for Motor Carrier Policies of Insurance for Public Liability under Sections 29 and 30 of the Motor carrier Act of 1980, which includes the following language:

> The insurance policy to which this endorsement is attached provides automobile liability insurance and is amended to assure compliance by the insured, within the limits stated herein, as a motor carrier of property, with Sections 29 and 30 of the Motor Carrier Act of 1980 and the rules and regulations of the Federal Motor Carrier Safety Administration (FMSCA).
>
> In consideration of the premium stated in the policy to which this endorsement is
> attached, the insurer (the company) agrees to pay, within the limits of liability described herein, any final judgment recovered against the insured for public liability resulting from negligence in the operation, maintenance or use of motor vehicles subject to the financial responsibility requirements

of Sections 29 and 30 of the Motor Carrier Act of 1980 regardless of whether or not each motor vehicle is specifically described in the policy and whether or not such negligence occurs on any route or in any territory authorized to be served by the insured or elsewhere.

Such insurance as is afforded, for public liability, does not apply to injury to or death of the insured's employees while engaged in the course of their employment, or property transported by the insured, designated as cargo. It is understood and agreed that no condition, provision, stipulation, or limitation contained in the policy, this endorsement, or any other endorsement thereon, or violation thereof, shall relieve the company from liability or from the payment of any final judgment, within the limits of liability herein described, irrespective of the financial condition, insolvency or bankruptcy of the insured. However, all terms, conditions, and limitations in the policy to which the endorsement is attached shall remain in full force and effect as binding between the insured and the company. The insured agrees to reimburse the company for any payment made by the company on account of any accident, claim, or suit involving a breach of the terms of the policy, and for any payment that the company would not have been obligated to make under the provisions of the policy except for the agreement contained in this endorsement.

43. By way of partial declination of coverage/reservation of rights PROGRESSIVE declined coverage to SKYWAY LOGISTICS CORPORATION AND DORRELL HARRIS for any and all claims arising out of the subject-matter accident, made by ASHLI GRETORY in the *Gregory* Complaint, on the grounds that and to the extent that: (a) The plaintiff ASHLI GREGORY was an employee of SKYWAY LOGISTICS CORPORATION and a fellow employee of DORRELL HARRIS, and the Progressive policy issued to Skyway Logistics <u>excludes coverage</u> under the ***Commercial Auto Form 6912 (version 06/10)*** for: (1) any obligation for which an insured or an insurer of that insured, even of one does not exist, may be held liable under workers' compensation, unemployment compensation, disability benefits or other similar law; (2) bodily injury to an employee of any insured arising out of or within the course of: (i) that employee's employment by any insured; or (ii) performing duties related to the conduct of any insured's business; and (3) bodily injury to a fellow employee of an insured while within the course of their employment or while performing duties relating to the conduct of [Skyway's] business.

44. Furthermore, by way of partial declination of coverage/reservation of rights PROGRESSIVE declined coverage to SKYWAY LOGISTICS CORPORATION AND DORRELL HARRIS for any and all claims arising out of the subject-matter accident, made by

13

ASHLI GRETORY in the *Gregory* Complaint, on the grounds that and to the extent that (b) the Complaint demands punitive and/or exemplary damages, which are not covered by the Progressive policy issued to Skyway Logistics.

45. Furthermore, PROGRESSIVE issued a partial declination of coverage/reservation of rights declining any obligation to provide MCS-90 surety on the grounds that the language of the endorsement itself indicates that the surety contained in the MCS-90 does not apply to injury or death of the SKYWAY LOGISTICS CORPORATION's employees while engaged in the course of their employment, therefore there is no MCS-90 surety applicable to the claims of ASHLI GREGORY, insofar as she was an employee of SKYWAY LOGISTICS CORPORATION engaged in the course of her employment for SKYWAY LOGISTICS CORPORATION at the time of the accident.

46. PROGRESSIVE CASUALTY INSURANCE COMPANY reserved all rights under the PROGRESSIVE policy and applicable law, including the right to disclaim coverage and the right to prosecute the aforesaid declaratory judgment action and seek a declaration that no coverage is afforded under the PROGRESSIVE policy issued to SKYWAY LOGISTICS CORPORATION based upon the employment exclusions and other exclusions contained in the PROGRESSIVE policy, to the extent that said exclusions are applicable.

47. Subject its full reservation of rights, PROGRESSIVE CASUALTY INSURANCE COMPANY agreed to provide SKYWAY LOGISTICS CORPORATION and DORRELL HARRIS with a courtesy defense in connection with the *Gregory* tort action with a right of rejection and a right of SKYWAY LOGISTICS CORPORATION and DORRELL HARRIS to select and pay for their own selected defense counsel subject to potential reimbursement at a later time.

48.     Upon information and belief, PROGRESSIVE's assigned defense counsel undertook the defense of SKYWAY LOGISTICS CORPORATION and DORRELL HARRIS subject to the reservation of rights issued by PROGRESSIVE CASUALTY INSURANCE COMPANY.

## DECLARATORY RELIEF

## AS AND FOR A FIRST CAUSE OF ACTION

49.     PROGRESSIVE repeats and realleges each and every allegation contained in paragraphs 1 through 48 above as if fully set forth herein.

50.     The PROGRESSIVE policy issued to SKYWAY LOGISTICS CORPORATION <u>excludes coverage</u> under the ***Commercial Auto Form 6912 (version 06/10)*** for: (1) any obligation for which an insured or an insurer of that insured, even of one does not exist, may be held liable under workers' compensation, unemployment compensation, disability benefits or other similar law; (2) bodily injury to an employee of any insured arising out of or within the course of: (i) that employee's employment by any insured; or (ii) performing duties related to the conduct of any insured's business; and (3) bodily injury to a fellow employee of an insured while within the course of their employment or while performing duties relating to the conduct of [Skyway's] business.

51.     The plaintiff ASHLI GREGORY was an employee of SKYWAY LOGISTICS CORPORATION and a fellow employee of DORRELL HARRIS, therefore coverage, including defense and indemnification is excluded under the PROGRESSIVE policy issued to SKYWAY LOGISTICS CORPORATION.

**AS AND FOR A SECOND CAUSE OF ACTION**

52. PROGRESSIVE repeats and realleges each and every allegation contained in paragraphs 1 through 51 above as if fully set forth herein.

53. The PROGRESSIVE policy contains an MCS-90 Endorsement.

54. The language of the endorsement itself indicates that the surety contained in the MCS-90 does not apply to injury or death of the SKYWAY LOGISTICS CORPORATION's employees while engaged in the course of their employment.

55. There is no MCS-90 surety applicable to the claims of ASHLI GREGORY, insofar as she was an employee of SKYWAY LOGISTICS CORPORATION engaged in the course of her employment for SKYWAY LOGISTICS CORPORATION at the time of the accident.

**AS AND FOR A THIRD CAUSE OF ACTION**

56. PROGRESSIVE repeats and realleges each and every allegation contained in paragraphs 1 through 55 above as if fully set forth herein.

57. The *Gregory* Complaint demands punitive and/or exemplary damages, which are not covered by the Progressive policy issued to SKYWAY LOGISTICS CORPORATION.

WHEREFORE, PROGRESSIVE respectfully requests judgment:

(1) Declaring that there is no coverage under the PROGRESSIVE policy for the claims asserted by ASHLI GREGORY in the *Gregory* Complaint;

(2) Declaring that PROGRESSIVE has no obligation to defend or indemnify SKYWAY LOGISTICS CORPORATION, DORRELL HARRIS or any other party in connection with the claims made by ASHLI GREGORY in the *Gregory* Complaint;

(3) Declaring that PROGRESSIVE may withdraw from the defense of SKYWAY LOGISTICS and DORRELL HARRIS in the within action;

(4) Declaring that the MCS-90 Endorsement contained in the PROGRESSIVE policy is not triggered with respect to the claims and damages asserted and/or any judgment which may be obtained in the within matter by ASHLI GREGORY;

(5) Declaring that PROGRESSIVE is entitled to the costs and disbursements of the within declaratory judgment action, including but not limited to attorneys' fees and costs of suit; and

(6) Declaring that this Court grant PROGRESSIVE such further and other relief as this Court may deem just, proper and equitable.

Dated: April 7, 2023
       New York, New York

                    LAW OFFICES OF LORNE M. REITER, LLC
                    14 Wall Street
                    20th Floor
                    New York, New York 10005
                    By: _____/s_____
                          LORNE M. REITER, ESQ. (LR-6464)
                          *Attorneys for Plaintiff*
                          *Progressive Casualty Insurance Company*

SKYWAY LOGISTICS CORPORATION
629 Casanova Street
Bronx, New York 10474

DORRELL HARRIS
2518 Bailey Avenue
Chattanooga, Tennessee 37404

BRIDGESTONE AMERICAS TIRE OPERATIONS, LLC, A FOREIGN COMPANY
WHICH IS SUCCESSOR TO BRIDGESTONE/FIRESTONE NORTH AMERICAN TIRE, LLC
c/o United Agent Group, Inc.
400 North Pennsylvania Avenue #600
Roswell, New Mexico 88201

ASHLI GREGORY
2002 East 69th Street
Kansas City, Missouri

LANGDON & EMISON, LLC
911 Main Street
P.O. Box 220
Lexington, Missouri 64067
Counsel to Plaintiff ASHLI GREGORY